IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
**DUNKIN' BRANDS, INC.,** a Delaware )
Corporation,                       )
       Plaintiff,                )
                                   )  Civil Action No. ____ Civ. _____
       v.                        )
                                   )  **JURY TRIAL DEMANDED**
**VBCONVERSIONS LLC**, a California )
Limited Liability Company,         )
                                   )
       Defendant.                )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dunkin' Brands, Inc., ("Dunkin' Brands") brings this complaint for declaratory judgment against Defendant, VBConversions LLC ("VB Conversions"). This complaint is in response to VB Conversions's repeated threats to sue Dunkin' Brands for copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA") if Dunkin' Brands does not pay exorbitant sums of money to VB Conversions. Dunkin' Brands brings this suit to establish that it and its affiliated companies have not infringed any valid copyrights of VB Conversions, have not violated the DMCA, and are not otherwise liable under the U.S. Copyright Laws, including the DMCA.

## THE PARTIES

1.    Plaintiff Dunkin' Brands is a Delaware corporation with its principal place of business at 130 Royall St., Canton, Massachusetts 02021.

2.    Upon information and belief, Defendant VB Conversions is a California limited liability corporation with a place of business in Santa Monica, California and an Entity Address

listed with the California Secretary of State as 1880 Century Park East, Ste 615, Los Angeles, California 90067.  VB Conversions does business in Massachusetts by selling, distributing, downloading, licensing and supporting its software in Massachusetts and by policing the activation and use of its software in Massachusetts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, because an actual case or controversy exists between the parties.  This Court also has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338, and 17 U.S.C. §§ 101, et seq.

4. Venue properly lies within this judicial district pursuant to 28 U.S.C. § 1391 because VB Conversions alleges that the events allegedly giving rise to its claims against Dunkin' Brands occurred in this district.  In addition, venue is proper because Dunkin' Brands resides in this district and relevant documents and witnesses also reside in or near this district.

## ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION

5. Dunkin' Brands is in the business of franchising and operating the Dunkin' Donuts® and Baskin-Robbins® chains of restaurants throughout the World that offer coffee drinks, donuts, bagels, muffins, ice cream and similar items.

6. VB Conversions is conducting business in this judicial district and elsewhere by, *inter alia*, selling, distributing and licensing computer software, including a computer software program known as "VB.NET to C# Converter" (the "Program").  VB Conversions sells the Program for $199, which includes free upgrades for life and does not include any limitation on the number of lines of computer code that may be converted by the program.

7. On or about January 3, 2011, in a letter to Richard Emmett, Senior Vice President and General Counsel to Dunkin' Brands, VB Conversions asserted that it owns a copyright

registration on the Program, and that its counsel "has been retained to represent VB Conversions ("VBC") in a prospective action against Dunkin Brands, Inc. … for Copyright infringement and violation of the Digital Millennium Copyright Act ('DMCA')." In the letter, VB Conversions alleges that a user named "Dan," using an Internet Protocol address of Dunkin' Brands, gained unauthorized access to a copy of VB Conversions's Program in 2009 and used it to convert approximately 125,000 lines of code. In the letter, VB conversions then made the unreasonable and excessive demand that Dunkin' Brands pay $130,000.00 to VB Conversions for the alleged unauthorized use of a single copy of the program or face significant legal costs to defend itself. As set forth in the letter,

> Based on the information stated above, demand is made *to cease and desist from further use of the VB program identified above.* Demand is further made that you compensate my client for damages and/or whatever profits you may have obtained as a result of this intrusion per the Copyright Act, 17 U.S.C. §504. Due to the willful act of inserting a fraudulent code to gain unauthorized access, we consider this a willful infringement entitling our client to as much as $150,000 per infringement. We know a programmer qualified to convert from Visual Basic to C# will charge approximately $100.00 per hour and is only able to convert, *at best,* at the rate of 100 lines per hour. In this case, it would take a programmer more than 1,250 manual hours to convert the number of lines manually without the benefit of VBC's copyrighted work. At a rate of $100.00 per hour, it would have cost DB $125,000.00 dollars. Therefore, we demand the sum of **$125,000.00** as and for damages arising from the infringement. Furthermore, since use of a fraudulent code was used to circumvent our client's security and gain unauthorized access, we are also alleging violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a). Violation of this section can reach as much as $2,500.00 per violative act. DMCA damages are in addition to those rendered for violation of the Copyright Act. In this case, there were two instances of such illegal access. Under the circumstances, demand is made for **$130,000.00** for both Copyright and DMCA violations. With the information our client collected on DB's unauthorized usage, we have sufficient evidence to establish willful infringement.

> (emphasis in original).

> 8. VB Conversion concluded its January 3, 2011 letter as follows,

> Please review carefully this letter along with the attached information. I would appreciate a prompt response to this letter on or before January 13, 2011. If I do not hear from you

3

or a representative speaking on your behalf, I will be compelled to consider more stringent measures in order to enforce my client's rights.

9. Dunkin Brands respects the intellectual property rights of others and takes active steps to prevent its vendors and employees (including the vendors and employees of its affiliated companies) from using unlicensed software with respect to any work for the company. In response to the January 3, 2011 letter from VB Conversions, Dunkin' Brands notified VB Conversions that it would investigate the matter and respond in due course.

10. On or about March 23, 2011, VB Conversions, through counsel, sent another letter to Dunkin' Brands reminding it of VB Conversions's copyright infringement and DMCA allegations, and concluding with a further threat of suit as follows,

> It is now well past mid-March, and we have not yet heard from you regarding our client's substantial copyright infringement and DMCA claim against Dunkin. We would like a response no later than the end of this month so that we may counsel our client regarding further steps needed in order to bring resolution to this matter.

11. On or about April 4, 2011, in a conference call between counsel, Dunkin' Brands refuted VB Conversions's infringement allegations, and informed VB Conversions that the alleged user named "Dan" it identified on its January 3, 2011 letter apparently was an independent contractor working in Ontario, Canada, not an employee of Dunkin' Brands or any of its affiliate companies.

12. In response, VB Conversions, through counsel, alleged that Dunkin' Brands was still "vicariously" liable for his actions, and sent a letter on April 6, 2011 to Dunkin' Brands that set forth its vicarious liability theory. The letter concluded that "Dunkin's liability under theories of direct, contributory or vicarious liability is imminent" and "willful."

13. On or about April 27, 2011, Dunkin' Donuts, through counsel, sent a letter to VB Conversions once again (1) fully refuting the facts underlying its copyright and DMCA

4

allegations; (2) demonstrating that the acts allegedly giving rise to VB Conversions's claims of copyright infringement and DMCA violation wholly occurred in Canada, and were not performed or facilitated by an employee of Dunkin' Brands or its affiliates; and (3) fully refuting all of VB Conversions's liability and damages theories.

14. Nevertheless, on May 10, 2011, VB Conversions, through counsel, sent another letter to Dunkin' Brands reaffirming its allegation that Dunkin' Brands is vicariously liable under the U.S. Copyright Laws and again demanding for the single alleged instance of copying, an outrageous payment well in excess of the $199 retail price of the Program.

15. Dunkin' Brands and its affiliated companies have not directly or indirectly infringed any valid, enforceable copyright of VB Conversions.

16. Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VB Conversions.

17. Dunkin' Brands and its affiliated companies have not circumvented any technological measure that effectively controls access to any copyrighted work of VB Conversions.

18. Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a).

19. Dunkin' Brands and its affiliated companies have not profited in any way from any alleged use of the Program of VB Conversions.

20. Dunkin' Brands and its affiliated companies have never used and are not using any unauthorized copy of the Program of VB Conversions.

21. Dunkin' Brands and its affiliate companies have not acted willfully in violation of

any provision of the U.S. Copyright laws, including the DMCA.

22. VB Conversions has engaged in a pattern dating back to at least 2006 of demanding outrageous sums of money from those who have used its software without a proper license.

23. Since 2006, VB Conversions has initiated no less than 21 lawsuits, with similar outrageous demands, and has been sued under the Declaratory Judgment Act several times as a result.

24. VB Conversions has engaged, and is still engaged, in abusive and/or improper exploitation and enforcement of their copyright(s), and this conduct is clearly against public policy and contrary to the purpose and statutory language of the Copyright Act.

25. VB Conversions has repeatedly threatened Dunkin' Brands with an expensive lawsuit in a distant jurisdiction unless it receives payment well in excess of any reasonable demand.

26. VB Conversions has repeatedly and unfairly threatened infringement penalties that exaggerate or misstate the law, including relying on unsustainable theories of damages that do not comport with copyright law, including the DMCA.

27. The clear purpose of VBConversions's tactic is to coerce outrageous sums of money from parties such as Dunkin' Brands by threatening expensive litigation in a distant venue.

28. In view of the above, Dunkin' Brands and VB Conversions have adverse legal interests, and VB Conversions has created a real and immediate threat of injury to Dunkin' Brands.

29. Accordingly, there is an actual present justiciable controversy between Dunkin'

Brands and VB Conversions as to whether Dunkin' Brands, or any of its affiliate companies, is liable to VB Conversions for infringement under U.S. Copyright Law, and as to whether Dunkin' Brands, or any of its affiliate companies, is liable to VB Conversions for violation of the DMCA.

**COUNT ONE**

**REQUEST FOR DECLARATORY JUDGMENT
OF NON INFRINGEMENT OF ANY COPYRIGHT OF VB CONVERSION**

30. Dunkin' Brands repeats the allegations of all preceding paragraphs as if fully set forth herein.

31. Dunkin' Brands and its affiliated companies have never used, and are not using, any unauthorized copy of VB Conversions's Program.

32. Dunkin' Brands and its affiliated companies have not profited from any unauthorized use of the VB Conversions's Program.

33. Dunkin' Brands and its affiliated companies have not directly or indirectly infringed any valid, enforceable copyright of VB Conversions.

34. Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VB Conversions.

35. Dunkin' Brands and its affiliate companies have not acted willfully in violation of any provision of the U.S. copyright laws.

36. Accordingly, pursuant to 28 U.S.C. § 2201, Dunkin' Brands seeks a judgment of this Court declaring that Dunkin' Brands and its affiliated companies have not directly or indirectly infringed any valid, enforceable copyright of VB Conversions, and that Dunkin Brands and its affiliated companies and are not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VB Conversions.

## COUNT TWO

### REQUEST FOR DECLARATORY JUDGMENT
### OF NONVIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

37. Dunkin' Brands repeats the allegations of all preceding paragraphs as if fully set forth herein.

38. Dunkin' Brands and its affiliated companies have not circumvented any technological measure that effectively controls access to any copyrighted work of VB Conversions, and have not violated the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a).

39. Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a).

40. Dunkin' Brands and its affiliate companies have not acted willfully in violation of any provision of the U.S. copyright laws, including the DMCA.

41. Accordingly, pursuant to 28 U.S.C. § 2201, Dunkin' Brands seeks a judgment of this Court declaring that Dunkin' Brands and its affiliated companies have not circumvented any technological measure that effectively controls access to any copyrighted work of VB Conversions, and have not violated the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a), and that Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a).

## AWARD OF COSTS AND ATTORNEYS FEES

42. As VB Conversions's allegations and demands against Dunkin' Brands are excessive, unjustified and unreasonable, Dunkin' Brands seeks its costs and attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203.

## PRAYER FOR RELIEF

**WHEREFORE**, Dunkin' Brands prays that this Court:

A.  Declare that Dunkin' Brands and its affiliated companies have not directly or indirectly infringed any valid, enforceable copyright of VB Conversions;

B.  Declare that Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for infringement of any enforceable copyright of VB Conversions;

C.  Declare that Dunkin' Brands and its affiliated companies have not circumvented any technological measure that effectively controls access to any copyrighted work of VB Conversions, and have not violated the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a);

D.  Declare that that Dunkin' Brands and its affiliated companies are not directly, contributorily or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a);

E.  Declare that Dunkin' Brands and its affiliate companies have not acted willfully in violation of any provision of the U.S. copyright laws, including the DMCA;

F.  Enter judgment awarding Dunkin' Brands its costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 1203; and

G.    Award Dunkin' Brands such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dunkin' Brands demands a jury trial on all issues triable of right by jury.

Respectfully submitted,

**DUNKIN' BRANDS, INC.**,

Dated: June 7, 2011

  /s/   Eugene A. Feher
Eugene A. Feher, BBO No. 550762
Jacob W. S. Schneider, BBO No. 675315
**HAYES BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Floor
Andover, MA 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email:   gfeher@hbcllc.com
              jschneider@hbcllc.com

*Attorneys for Plaintiff*

6000006